CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 28 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| EUSTACE MULLINS, | ) |
| | ) Civil Action No. 5:06CV00009 |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) |
| DEMERST B. SMIT, Commissioner, | ) By: Hon. Glen E. Conrad |
| Virginia Department of Motor Vehicles | ) United States District Judge |
| | ) |
| Defendant. | ) |

This case was brought by Eustace Mullins against the Commissioner of the Virginia Department of Motor Vehicles, Demerst B. Smit. The Commissioner made a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6) on June 5, 2006. A notice to respond within 15 days, pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), was sent to Mullins on June 7, 2006. Fifteen days having passed since that date without response or objection from Mullins, the motion to dismiss is now ripe for consideration.

## Discussion

The Commissioner asserts that dismissal is proper on three grounds. First, under Rule 12(b)(4), the defendant claims that the process was insufficient. The Commissioner notes that Mullins' Amended Complaint was not accompanied by a summons when it was mailed to the Department of Motor Vehicles. Under Rule 4(c)(1), a summons must be served together with a complaint. Fed. R. Civ. P. 4(c)(1).

Second, under Rule 12(b)(5), the defendant argues that the service of process was incompatible with the Federal Rules of Civil Procedure. Rule 4(e) prescribes the procedure for service of process on individuals, and permits service pursuant to the law of the state in which the district court is located. In Virginia, service upon individuals must be effected by in-person

service, and may only be made by alternate forms of service when personal service cannot be accomplished. VA. CODE ANN. § 8.01-296. Mailing a complaint to an individual without first attempting to personally serve that individual is impermissible.

Third, the defendant asserts that the Amended Complaint fails to state a claim upon which relief can be granted. The plaintiff states that he suffered age discrimination at the hands of the defendant when the defendant refused to renew his driver's license. Therefore, Mullins' claim is essentially that the due process clause of the U.S. Constitution protects against unreasonable state deprivations of personal liberty, of which denial of a driver's license is one.

In Raper v. Lucey, 488 F.2d 748 (1st Cir. 1973), the Court held that "fourteenth amendment due process will attach to state procedures regulating the application and issuance of a motor vehicle operator's license." Id. at 752. The Raper Court based its reasoning on the more expansive understanding of liberty enunciated in Bd. of Regents v. Roth, 408 U.S. 564, 92 S. Ct. 2701 (1972). However, as the defendants note, Mullins has failed to allege any facts to show that his license renewal application was denied in violation of his Fourteenth Amendment rights.

Mullins' sole allegation is that "[d]efendant violated the Federal Law which prohibits age discrimination...." This statement is conclusory and unsupported by any facts to show the manner or instances of discrimination the plaintiff allegedly suffered. Although the "requirements of notice pleading are not onerous," it is incumbent upon the plaintiff to allege "facts sufficient to state all the elements of [his] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 764-65 (4th Cir. 2003). Mullins has not alleged any facts to show that he was denied a driver's license based on impermissible grounds. Consequently, his law suit will be dismissed.

2

## Conclusion

For the foregoing reasons, the plaintiff's law suit will be dismissed without prejudice. If the plaintiff is able to allege facts to show how he was discriminated against, he may file a new complaint.

DATED this 28th day of June, 2006.

                                                                     /s/ Glen E. Conrad
                                                                     United States District Judge